758 A.2d 1136

CITY OF ATLANTIC CITY, PLAINTIFF–RESPONDENT,
v. WARWICK CONDOMINIUM ASSOCIATION, INC.,
DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 12, 2000—Decided September 28, 2000.

Before Judges STERN, A.A. RODRÍGUEZ and FALL.

*Mairone, Biel, Zlotnick & Feinberg*, attorneys for appellant
(*Norman L. Zlotnick*, on the brief).

*Youngblood, Corcoran, Aleli, Lafferty, Stackhouse, Grossman & Gormley,* attorneys for respondent (*Thomas G. Smith,* on the brief).

The opinion of the court was delivered by

FALL, J.A.D.

In this real property tax appeal we consider whether a non-contiguous parcel, acquired by a condominium association for use as a parking lot for condominium owners and designated in an amended master deed as part of the "common elements," is exempt from separate assessment and taxation by a municipality where the parking spaces in the lot are regulated by the association in a manner that does not provide access to the parking spaces in the lot to all condominium owners at all times. Whether the parcel is subject to separate assessment and taxation turns on whether the parcel is properly included within the definition of "common elements" contained in *N.J.S.A.* 46:8B–3(d), or is excluded from that definition pursuant to *N.J.S.A.* 46:8B–3(d)(iii) because the parking lot is "specifically reserved or limited to a particular unit or group of units." We conclude that the system adopted here by the association for the allocation of the available parking spaces among its condominium owners does not specifically reserve or limit use of the parking lot to a particular group or classification of owners within the statutory exclusion. Accordingly, the parking lot was properly designated by the association as part of the "common elements" and is exempt from separate assessment and taxation.[1]

---

[1] All property taxes are separately assessed against each condominium unit and not on the common elements of the condominium property. *N.J.S.A.* 46:8B–19. The term "unit" is defined to include a proportionate undivided interest in the common elements. *N.J.S.A.* 46:8B–3(o). The "common elements" of the condominium property, as defined in *N.J.S.A.* 46:8B–3(d), are not subject to separate assessment and taxation. *See Wedgewood Knolls v. West Paterson Bor.,* 11 *N.J.Tax* 514, 528 (N.J.Tax 1991); *Glenpointe Assocs. v. Teaneck Tp.,* 10 *N.J.Tax* 288, 294 (N.J.Tax 1988).

Defendant, Warwick Condominium Association (the Association), appeals from the entry of summary judgment by the Tax Court in favor of plaintiff, City of Atlantic City (the City), reinstating tax assessments imposed by the City on four separate but contiguous lots owned by the Association. Those lots are located across the street from the building housing the condominium units and are used to provide parking spaces for designated condominium owners.

On appeal from the City's assessment of these lots, the Atlantic County Tax Board entered judgment in favor of the Association, ruling the properties were part of the common elements of the condominium. The Tax Court disagreed, concluding the properties did not meet the definition of common elements contained in *N.J.S.A.* 46:8B–3(d)(iii), since the properties were "specifically reserved or limited to a particular ... group of units[,]" by the association and were not open for use to all condominium unit owners; accordingly, the court ruled the lots were subject to separate assessment and taxation.

The Warwick is a 275–unit condominium facility created by the filing of an original master deed on August 20, 1980. A restated master deed and by-laws was recorded in 1984. The Warwick condominium was created by the conversion of an existing apartment building located at 101 South Raleigh Avenue in Atlantic City to condominium unit ownership. The property on which the Warwick is located is bounded by Atlantic Avenue on the north, Richmond Avenue on the east, the Atlantic City boardwalk on the south, and Raleigh Avenue on the west. Since the inception of the condominium, all parking has been designated by the Association as part of the common elements. The restated master deed incorporated by reference the definition of common elements contained in *N.J.S.A.* 46:8B–3d. Article V of the recorded by-laws gives the Association the authority to adopt and amend rules and regulations covering the details of the operation and use of the common elements.

From its inception, there was insufficient parking within the Warwick condominium complex to accommodate all condominium unit owners. Prior to the Association's acquisition of the four lots at issue, the Association adopted a seniority-based parking program in assigning the available parking places to the owners. A waiting list was created, consisting of those owners without assigned parking places, listed in order of ownership seniority. As a unit was sold, the parking place assigned to that unit was not assigned to the new owner; rather, the parking place of a sold unit reverted back to the Association and was assigned to an owner contained on the list, in order of seniority.

On June 28, 1996, the Association took title to three parcels of real estate, located directly across Atlantic Avenue from the Warwick. One of those parcels contained the four lots in question. On July 3, 1996, the Association recorded an amendment to the restated master deed, absorbing the three parcels, including the parcel containing the four lots, into the existing common elements of the Association.

The four lots were improved, landscaped, bordered, and then placed in use as a surface parking lot by the Association. Entrance to the lot is obtained through an electronic gate, and an access card is given to those owners who are provided parking places on the lot. Even with the acquisition of the additional parking on these four lots, there were still not enough parking spaces to accommodate all condominium owners. Accordingly, the seniority parking program previously adopted by the Association continued, and those owners on the waiting list, in order of seniority of ownership, were offered spaces until the new parking lot was filled. Users were charged a fee of $50 per month to pay for maintenance of the lot.

The City refused to remove the four lots from the tax rolls in 1997 and, in 1998, the Association appealed their assessment to the Atlantic County Tax Board, seeking a determination that the lots are not taxable since they are part of the common elements of the Warwick condominium. The tax board granted the appeal and

concluded that the four lots were part of the common elements and thereby exempt from separate assessment and taxation. The City appealed.

On appeal, the Tax Court judge concluded that because only a limited number of condominium owners were in fact entitled to access to the parking facility located on these lots, they were not, therefore, a part of the common elements. The judge stated, in pertinent part:

[T]he Court finds as a matter of law that the parking lot here is specifically reserved or limited to a particular group and that group is those tenants who are on the list and there are spots available to park in. Once the spots are filled up, the next person in line has to wait his or her turn until a unit is sold or until ·someone gives up a parking spot. That is a specific reservation or limitation to a particular group and that by its own terms as a matter of law is diametrically opposed to the definition of common elements under *N.J.S.A.* 46:8B–3(d)(iii).

Defendant's parking lot does not fit the Condominium Act's definition of common elements.

On appeal, the Association argues that the Tax Court's interpretation of the definition of common elements contained in *N.J.S.A.* 46:8B–3(d)(iii), as applied to the facts of this case, was erroneous. We agree. Under that section, "common elements" excludes any area "specifically reserved or limited to a particular unit or group of units." The Tax Court determined that use of the parking lot was limited to owners who were no longer on the waiting list for parking places within the complex. The court reasoned that those owners constituted a "particular group" for whose use the parking lot was reserved, statutorily excluding the parking lot from the common elements. Not so.

The totality of the parking made available by the Association to condominium owners consists of those parking spaces contained on the original site, plus those spaces contained on the four lots in question. However, even considering both parking sites, there is still insufficient parking available for the use by the owners or tenants of all two-hundred and seventy-five condominium units.

Under these circumstances, application of the common-element exclusion contained in *N.J.S.A.* 46:8B–3(d)(iii) is inappropriate. The parking spaces on the four lots are not specifically reserved

or limited in use to a particular group of units any more than the parking spaces located on the original site. The same policy of allocation of spaces among the owners is applied to all available parking.

The Association has a parking problem and has devised a system of allocating the available spaces among the owners. The adoption of that system does not exclude these four lots from the definition of "common elements." The condominium owners still share an undivided interest in these lots and have access to the parking spaces in accordance with the terms of that system. If all unit owners acquired parking on either the new parcel or on the original site, the mere fact that some unit-assigned spaces were located on-site and some off-site across the street would not exclude either of the parking areas from the definition of "common elements" contained in *N.J.S.A.* 46:8B–3(d), even though those assigned parking spaces on the off-site lot could be classified as a "particular group of units," as could those having assigned parking spaces on-site. The fact that all unit owners cannot use all the common elements at once does not remove the owners' percentage interest or change the fact that their percentage interest is inseparable and transferred upon conveyance. *See Glenpointe Assoc. v. Township of Teaneck,* 10 *N.J.Tax* 288, 294 (Tax Ct.1988).

We are satisfied the Association properly designated these four lots as part of the statutorily-defined common elements of this condominium.

Reversed and remanded for reinstatement of the judgment of the Atlantic County Tax Board. We do not retain jurisdiction.